Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

GERALD FROHWEIN,
)
 No. 08-03-00086-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 210th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20000D02865)


MEMORANDUM OPINION



 This is an attempted appeal from a conviction for involuntary manslaughter. Pending before
the Court is Appellant's motion for an extension of time in which to file the notice of appeal. The
motion is denied and the attempted appeal is dismissed for want of jurisdiction.

 According to his motion, Appellant was sentenced in open court on October 11, 2002. Trial
counsel timely filed a motion for new trial, but failed to file the notice of appeal until February 10,
2003. He filed the motion for extension of time on March 3, 2003. By his motion, Appellant asks
that we utilize Rule 2 of the Texas Rules of Appellate Procedure to extend the time for him to file
the notice of appeal.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex.Crim.App. 1996). Rule 26.2(a) prescribes the time period in which notice of
appeal must be filed by the defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex.R.App.P. 26.2(a); Olivo, 918 S.W.2d at 522. Pursuant to Rule 26.3, a court of appeals
may grant an extension of time to file notice of appeal if the notice is filed within fifteen days after
the last day allowed and, within the same period, a motion is filed in the court of appeals reasonably
explaining the need for the extension of time. Tex.R.App.P. 26.3; Olivo, 918 S.W.2d at 522. Under
Rule 26.3, a late notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing
the notice of appeal, and (3) the court of appeals grants the motion for extension of time. Olivo, 918
S.W.2d at 522.

 When a defendant appeals from a conviction in a criminal case, the time to file notice of
appeal runs from the date sentence is imposed or suspended in open court, not from the date sentence
is signed and entered by the trial court. Rodarte v. State, 860 S.W.2d 108, 109 (Tex.Crim.App.
1993). The last date allowed for timely filing of the notice of appeal was January 9, 2003, ninety
days after the day the sentence was imposed in open court. Tex.R.App.P. 26.2(a)(1). He could have
sought an extension of time if he had filed the notice of appeal and a motion for extension of time
by January 24, 2003. Because Appellant did not file his notice of appeal until February 10, 2003 or
the motion for extension of time until March 3, 2003, he failed to perfect this appeal.

 Appellant asks that we utilize Rule 2 to allow him to perfect this appeal beyond the time
limits prescribed by the Texas Rules of Appellate Procedure. Rule 2 provides that:


 On a party's motion or on its own initiative an appellate court may--to expedite a
decision or for other good cause--suspend a rule's operation in a particular case and
order a different procedure; but a court must not construe this rule to suspend any
provision in the Code of Criminal Procedure or to alter the time for perfecting an
appeal in a civil case.


Tex.R.App.P. 2.


 Having failed to timely file a notice of appeal, Appellant has not invoked the jurisdiction of
this Court. In the absence of jurisdiction, an appellate court cannot utilize Rule 2 to suspend the
rules. Slaton v. State, 981 S.W.2d 208, 210 and n.4 (Tex.Crim.App. 1998). When an appeal is not
timely perfected, a court of appeals can take no action other than to dismiss the appeal. Slaton, 981
S.W.2d at 210; Olivo, 918 S.W.2d at 523. Accordingly, we deny Appellant's motion and dismiss
the attempted appeal for want of jurisdiction.


April 17, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)